CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 24 2008
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN HEREFORD, | ) | CASE NO. 4:07CV00037 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 5, 2005 application for a period of disability and disability insurance benefits[1] under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had an alleged disability onset date of January 6, 2005, had not engaged in substantial gainful activity during the relevant time period,

---

[1] Plaintiff's Memorandum states that he filed for supplemental security income (SSI) benefits. (Pl's Brief, pp. 1, 5.) However, the record reveals only that he applied for a period of disability and disability insurance benefits. (R. 15, 64-65.)

and was insured for benefits through December 31, 2006. (R. 17.) The Law Judge further found that plaintiff had severe impairments, but when viewed individually or in combination, they were not severe enough to meet or equal a listed impairment. (R. 17.) The Law Judge was of the view that although plaintiff's medically determinable impairments could have reasonably been expected to produce the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of these symptoms was largely, but not entirely, credible. (R. 21.) The Law Judge opined that plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work which allowed him to stand and/or walk for one to four hours in an eight-hour workday, sit eight to twelve hours in a day, and drive eight to twelve hours in a day. (R. 18.) Also, plaintiff was found able to use his hands for repetitive simple grasping, pushing/pulling, fine manipulation, and wet work, and able to use his feet for repetitive movement in operating foot controls on the right. (R. 18.) The Law Judge determined plaintiff's RFC also allowed him to use his right leg to operate tow motors, forklifts, power tools, and machinery. (R. 18.) Finally, the Law Judge found that plaintiff was limited to only occasionally reaching overhead, and he was precluded him from bending, twisting, squatting, or climbing a ladder. (R. 18.) The Law Judge concluded that this RFC precluded plaintiff from performing his past relevant work, but that other jobs which exist in significant numbers in the national economy were available to him[2]. (R. 24.) Thus, the Law Judge ultimately found plaintiff was not disabled under the Act.

Plaintiff appealed the Law Judge's April 27, 2007 decision to the Appeals Council. The

---

[2] The Law Judge referenced the vocational expert's testimony that a person with plaintiff's RFC could work as a parking lot attendant, mail clerk, unarmed security guard, and counter clerk. (R. 25, 374-375.)

Appeals Council found no basis in the record, or in the reasons advanced on appeal, to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6-9.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan,* 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler,* 739 F.2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966).

In a Memorandum filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred by failing to give the opinions offered by his treating physician, Dwight Kemp, D.O.[3], controlling weight. (Pl's Brief, pp. 21-23.) Specifically, plaintiff argues that the Law Judge erred in discounting Dr. Kemp's opinion that his functional capacity limited him to performing sedentary work. (Pl's Brief, pp. 21-23.) Plaintiff offers that the Law Judge's decision was based on the RFC finding by the State agency physician, which is inconsistent with the findings of both Dr. Kemp and the consultative examiner. (Pl's Brief, pp. 22-23.) The

---

[3]Under the Regulations, a doctor of osteopathic medicine ("D.O.") is an "acceptable medical source" who can provide evidence to establish an impairment. 20 C.F.R. § 404.1513.

3

undersigned agrees and concludes that the Law Judge's finding that plaintiff could perform light exertional work is not supported by substantial evidence.

It is well-established that the court generally should accord greater weight to the claimant's treating physician. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). At the same time, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir. 1996). Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge to resolve the inconsistencies in the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005); *Craig,* 76 F.3d at 589.

The Law Judge determined that Dr. Kemp's opinions were entitled to great, but not controlling, weight. (R. 24.) In determining that plaintiff retained the RFC to perform light exertional work, the Law Judge adopted only a portion of Dr. Kemp's March 9, 2006 assessment, excluding that portion of Dr. Kemp's opinion that plaintiff could lift no more than ten pounds. (R. 24, 268-269.) The Law Judge concluded that the State agency physician's findings, and the record as a whole, did not support a finding that plaintiff was limited to lifting up to ten pounds. (R. 24.) The Law Judge concluded that plaintiff occasionally could lift up to twenty pounds, and he could frequently lift ten pounds. (R. 24.)

The record reveals that on January 7, 2005 plaintiff had a work injury affecting his left knee and causing medial and lateral meniscus injuries, a partial ACL tear, and a lateral tibia plateau injury. (R. 126, 128.) On January 25, 2005, Dr. Kemp performed a left knee arthroscopy. (R. 128-130.) Dr. Kemp subsequently served as plaintiff's treating physician for

4

his left knee until March 9, 2006, when he was referred to another physician closer to his new home. (R. 203-234, 266-271, 347.) Dr. Kemp's treatment records provide the only longitudinal, in-depth assessment of the impact of plaintiff's left knee injury on his functional capacity.

On March 9, 2006, Dr. Kemp assessed plaintiff's functional capacity and found that he could stand/walk for one to four hours, sit for eight to twelve hours, and drive for eight to twelve hours. (R. 269.) Dr. Kemp also found that plaintiff couldn't use his left foot for repetitive movement such as operating foot controls, and he couldn't use his left leg to operate low motors, power tools, and machinery. (R. 269.) The physician determined that plaintiff could never bend, twist, squat, or climb a ladder, and he could only occasionally reach overhead. (R. 269.) Finally, Dr. Kemp opined that plaintiff's functional capacity limited him to a sedentary position which involved lifting a maximum of ten pounds. (R. 268-269.)

On April 5, 2006, plaintiff underwent a consultative evaluation by Jose F. Mier, Jr., M.D. of the Virginia Department of Rehabilitative Services. (R. 259-265.) Dr. Mier noted that plaintiff limped a little because of his left knee and determined that plaintiff was limited in his ability to go up and down steps. (R. 261.) The physician opined that plaintiff would develop pain in his back when sitting down, standing, or walking too long during a workday, and that he could only occasionally do some bending, stooping, and crouching. (R. 261.) Dr. Mier concluded that plaintiff was capable of only lifting five to ten pounds, and that his overall prognosis was poor. (R. 261.)

To support his finding that plaintiff could perform light exertional work, the Law Judge referred to the opinions of the State Agency record reviewing physicians, Tony Constant, M.D. and Juan Astruc, M.D. (R. 24, 282-288, 291.) Dr. Astruc discounted Dr. Mier's April 5, 2006

5

finding that plaintiff could lift only five to ten pounds on the basis that the medical evidence didn't show limitations which would prevent him from lifting twenty pounds occasionally and ten pounds frequently. (R. 288.) Dr. Constant affirmed Dr. Astruc's record review. (R. 291.)

In the Commissioner's brief filed in support of his motion for summary judgment, he argues that plaintiff's May 20, 2005 evaluation, performed at the request of Dr. Kemp, supports the Law Judge's finding that plaintiff is not limited to lifting ten pounds. (Comm's Brief, p. 10.) Admittedly, the evaluator found that plaintiff could perform medium exertional work. (R. 208.) However, this evaluation was made after a single evaluation. (207-228.) Moreover, hen Dr. Kemp reviewed the results of this evaluation, he essentially challenged the evaluator's viewing of plaintiff's limitations. (R. 230.)

Plaintiff also argues that because substantial evidence supports a finding that he is limited to sedentary work, the Law Judge was compelled to find him disabled under Rule 201.10 of the Medical Vocational Guidelines ("grids"). (Pl's Brief, pp. 23-25.) The undersigned agrees that substantial evidence supports a finding that he is limited to sedentary work, but plaintiff cannot demonstrate that he meets the educational requirements of Rule 201.10.

A finding of disabled under Rule 201.10 is compelled when the claimant is closely approaching advanced age, has a *limited or less education*, has previous work experience at the skilled or semiskilled level, and has skills which are not transferrable. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. Under the Regulations, a claimant's educational abilities generally are assessed by looking at the grade level achieved, using one of the four following categories: illiteracy, marginal education, limited education, and high school education and above. 20 C.F.R. § 404.1564.

The Law Judge found that plaintiff had at least a high school education and was able to communicate in English, which placed him in the high school education and above category. The evidence shows that plaintiff earned a general equivalency development diploma ("GED"). (R. 354.) This would support a finding that he has achieved a high school education. *See Jackson v. Astrue*, 2008 WL 410282, at *2 (W.D. Va. February 13, 2008) (finding that a GED is a high school education under 20 C.F.R. § 404.1564(b)(4)). Thus, plaintiff has not shown that he would meet the requirements of Grid Rule 201.10.

Having concluded that the Law Judge's finding that plaintiff can perform a limited range of light work is not supported by substantial evidence, it becomes apparent that further proceedings are necessary in order top fully and fairly adjudicate the plaintiff's claim at the final level of the sequential evaluation. This is so because, even if plaintiff were limited to sedentary work, the Grids would not compel a conclusion he was disabled. Because plaintiff suffers non-exertional limitations on his ability to perform work-related activities, a vocational expert ("VE") is necessary to properly assess the extant vocationally relevant record and opine on whether there are jobs available in the national economy to a person like the plaintiff whose maladies and effects limit him to sedentary work.

Accordingly, it is RECOMMENDED that an Order enter GRANTING plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10)

7

Case 4:07-cv-00037-JLK-BWC Document 20 Filed 07/24/08 Page 7 of 8 Pageid#: 95

days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: *[signature]*
U.S. Magistrate Judge

July 24, 2008
Date